UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WENGUI GUO a/k/a MILES KWOK, an individual,<br><br>                       Plaintiff,<br><br>vs.<br><br>DANYU LIN a/k/a YUDAN LIN, an individual,<br><br>                       Defendant. | Case No. 3:18-cv-02982-MGL-PJG<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS TO DISMISS DEFENDANT'S COUNTERCLAIMS OR, IN THE ALTERNATIVE, TO STRIKE AND FOR A MORE DEFINITE STATEMENT** |

Plaintiff Wengui Guo, a/k/a Miles Kwok ("Plaintiff"), respectfully submits this Memorandum in Support of Plaintiff's Motions to Dismiss Defendant's Counterclaims or, in the alternative, to Strike and for a More Definite Statement, pursuant to Rules 12(b)(1), 12(b)(6), 12(e), and 12(f) of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

This action arises out of false, misleading, disparaging, and defamatory statements concerning Plaintiff and his family members published by Defendant Danyu Lin ("Defendant") on her Twitter account (@ZAP_333). (*See* Compl.)[2] Plaintiff is a Chinese political dissident currently residing in the State of New York. (*Id.*) Defendant is a Chinese political and religious affairs commentator residing in the State of South Carolina. Defendant has approximately 33,500 followers on Twitter. (*Id.*; ECF 1.) Defendant's malicious and defamatory Twitter posts, which are systematically "retweeted" by her followers, have damaged Plaintiff's reputation, caused Plaintiff to fear for his personal

---

[1] Plaintiff also intends to file a Motion for Remand pursuant to 28 U.S.C. § 1447 (c).
[2] Defendant apparently failed to file the original Summons and Complaint with her Notice of Removal.

1

safety and the safety of his family members, and negatively impacted Plaintiff's application for Asylum in the United States. (*See* Compl.)

On October 23, 2018, Plaintiff filed this action in the Lexington County Court of Common Pleas, asserting four state law causes of action: (1) defamation, (2) defamation *per se*, (3) intentional infliction of emotional distress, and (4) intentional interference with prospective contractual relations. (*Id.*) Plaintiff served the Summons and Complaint on Defendant at her residence at 128 Woodcock Trail, West Columbia, South Carolina, on October 25, 2018. (*See* Aff. of Service.)

On November 5, 2018, Defendant, proceeding *pro se*,[3] filed a Notice of Removal in this Court on the alleged basis of diversity jurisdiction. (ECF 1.) Notably, Plaintiff was never served with the Notice of Removal. Rather, Plaintiff learned of Defendant's removal only because the undersigned happened to identify the case on a Courthouse News Service report.

Appended to Defendant's Notice of Removal, and the subject of the present motions, is a two-page letter addressed to the Lexington County Circuit Court, in which Defendant could be construed to assert counterclaims against Plaintiff and two "co-counterclaim defendants," Qingmin Jin and Yuan Xu. (ECF 1-1.) This Court did not designate the filing as a Counterclaim; however, out of an abundance of caution, Plaintiff is hereby responding to the potential counterclaims with these motions.

---

[3] Interestingly, Defendant continues to proceed *pro se* despite posting on Twitter that she has "entrusted a lawyer to plead guilty to Guo Wengui." https://twitter.com/ZAP_333/status/1063196946347773953.

Three possible counterclaims are alleged in a single paragraph by Defendant as follows:

> Under 1>. The federal Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC §§ 1961-1968) prohibits (1) acquiring, establishing, or operating an enterprise with illegally derived income, (2) acquiring or maintaining an interest in or control of an enterprise through illegal activity, and (3) using an enterprise to commit illegal acts (Extortion, Blackmail, Etc., 31A Am Jur 2d); 2>. Cyberbullying ; Federal law provides some tools to combat cyberstalking. Under 18 U.S.C. 875(c), it is a federal crime, punishable by up to five years in prison and a fine of up to $250,000, to transmit any communication in interstate or foreign commerce containing a threat to injure the person of another. Section 875(c) applies to any communication actually transmitted in interstate or foreign commerce - thus it includes threats transmitted in interstate or foreign commerce via the telephone, e-mail, beepers, or the Internet. This is the statute under which Jake Baker was charged. 3> South Carolina's Anti-SLAPP statute, Counter-Plaintiff & defendant YuDan Lin counter-claims Plaintiff & counter-defendant Wengui Guo $ 5 million US dollars money damages.

(*Id.*). Defendant does not allege any facts in support of her purported counterclaims but concludes her letter with a "Court note," in which she makes additional unfounded, salacious allegations regarding Plaintiff's character that have no bearing on her counterclaims. (*Id.*) To date, Defendant has not answered Plaintiff's Complaint, and Plaintiff does not interpret the Defendant's attachment to the Notice of Removal to be an Answer. Further, this Court granted Defendant's Motion for Extension of Time to Answer on November 11, 2018. (ECF 10.)

## **LEGAL STANDARD**

### I. Standard of Review

"A document filed *pro se* is to be liberally construed, and a *pro se* [counterclaim], however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). "Even pro se litigants, however, must follow the procedural rules of the court." *Toney v. LaSalle Bank Nat. Ass'n*, 896 F. Supp. 2d 455, 464 (D.S.C. 2012) (citing *Cox v. Deal*, No. 2:09-cv-02715-DCM-BM, 2011 WL 3418397, at *2 (D.S.C. Aug. 3, 2011)). As the Fourth Circuit noted in *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985), "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *See also Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## II.     Motions to Dismiss Under Rule 12(b)

Even under the less stringent standard accorded *pro se* litigants, the pleadings of such litigants are still subject to summary dismissal. *See Eghbali v. Dept. of Energy at Savannah River Nat'l Lab*, 90 F. Supp. 3d 587, 590 (D.S.C. 2015); *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 549 (D.S.C. 2008).

### A.     12(b)(1) Lack of Subject Matter Jurisdiction

Rule 12(b)(1) requires the dismissal of a claim where the presiding court lacks subject matter jurisdiction. "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). The court thus must "presume that a case lies outside of its limited jurisdiction unless and until jurisdiction is shown to be proper." *United States v. Poole*, 531 F.2d 263, 274 (4th Cir. 2008). The burden of

establishing that a district court has subject-matter jurisdiction over a claim rests on the proponent of that claim—here, the Defendant. *Fulcrum Int'l., Inc. v. Prince George Ctr. I. Inc.*, 503 Fed. Appx. 193, 194 (4th Cir. 2012).

When determining the merits of a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court must determine whether plaintiff's allegations, taken as true, "plead jurisdiction and a meritorious cause of action." *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984). While *pro se* litigants are generally held to a lower standard in pleading and proving the existence of subject matter jurisdiction, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), federal court jurisdiction must be affirmatively and distinctly pleaded in the complaint. *Norton v. Larney*, 266 U.S. 511, 515-16 (1925); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n.4 (4th Cir. 1990).

**B.     12(b)(6) Failure to State a Claim**

When a federal court is evaluating a *pro se* pleading, the pleading's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nevertheless, "the Fourth Circuit has established that nothing in *Erickson* undermined the requirements the Court established in *Twombly*, specifically that 'a pleading contain "more than labels and conclusions."'" *Drayton v. Post & Courier*, No. 2:08-cv-03568-MBS-RSC, 2008 WL 5351921, at *2 (D.S.C. Dec. 22, 2008) (citing *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir.2008)); *see also Rice v. Nat'l Sec. Council,* 244 F. Supp. 2d 594, 596 (D.S.C. 2001) (citing *Weller*, 901 F.2d at 391) ("Ultimately, this Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court.").

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), a counterclaim must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) requires a counterclaim to allege facts showing that the plaintiff's claim is plausible, and these "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3. A counterclaim must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept legal conclusions that are presented as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore. Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]--that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "Only a claim that states a plausible claim for relief survives a motion to dismiss." *Id.*

### III. Motion to Strike Under Rule 12(f)

Rule 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike pursuant to Rule 12(f) are generally disfavored because of their potential to delay the proceedings, "'Rule 12(f) reflects the inherent power of the [c]ourt to prune down pleadings so as to expedite the administration of justice and to

6

prevent abuse of its process.'" *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) (quoting *McNair v. Monsanto Co.,* 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003)); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). "[A] successful motion to strike typically seeks to remove unnecessary clutter from the case, because in that situation the motion expedites the case and moves the parties forward." *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 693 (N.D. Ill. 2009).

Courts should strike redundant, immaterial, impertinent, or scandalous matter if it bears no possible relation to the parties' dispute or it could confuse the issues. *See TracFone Wireless*, 716 F. Supp. 2d at 1290. "A 'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005), overruled on other grounds by *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010); *see also* 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1382. "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Wilkerson*, 229 F.R.D. at 170. "A statement of unnecessary particulars in connection with and descriptive of a material matter may be stricken as 'immaterial.'" *Id.* "Superfluous historical allegations are properly subject to a motion to strike." *Id.* "An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties." *Id.* An 'impertinent' matter consists of statements that do not pertain and are unnecessary to the issues in question." *Id.* "A "scandalous" matter improperly casts a derogatory light on someone, usually a party." *Id.* "Allegations may be stricken as

7

scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Id.*

A party seeking to strike immaterial, impertinent, or scandalous matter from a pleading must establish (a) no evidence in support of the matter at issue would be admissible, (b) the matter has no bearing on the relevant issues, and (c) allowing the matter to remain in the pleading would result in prejudice to the movant. *Lundy v. Town of Brighton*, 521 F. Supp. 2d 259, 265 (W.D.N.Y. 2007). A motion to strike will be granted if "'the moving party demonstrates that the challenged material is so unrelated to the plaintiff's claims as to be unworthy of consideration as a defense such that its presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Coleman v. McMillian*, CA 1:12-1916-JFA-SVH, 2014 WL 1249290 at *3 (D.S.C. Mar. 26, 2014) (quoting *McIntyre-Handy v. APAC Customer Servs.*, 2006 WL 721383 (E.D. Va. Mar. 20, 2006)).

### IV. Motion for a More Definite Statement Under Rule 12(e)

Rule 12 (e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Whether a motion for a more definite statement should be granted is a matter "generally left to the District Court's discretion." *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).

## **ARGUMENT**

### I. This Court should dismiss any counterclaims pursuant to Rules 12(b)(1) and 12(b)(6).

#### A. This Court lacks subject matter jurisdiction.

Federal courts lack the authority to adjudicate a case absent subject matter

jurisdiction. With respect to a removed case, the removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. *See Darcangelo v. Verizon Commc'ns*, Inc., 292 F.3d 181, 186 (4th Cir. 2002). Generally, a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331.

In her Notice of Removal, Defendant alleges that his Court has subject matter jurisdiction over the case on the basis of the federal diversity statute, 28 U.S.C. § 1332(a). Specifically, Defendant asserts that (1) "Plaintiff is a citizen of the state of New York, not a United States citizen"; (2) "*Defendant is a citizen of the state of SOUTH CAROLINA*, a United States citizen"; and (3) "[t]he amount in controversy exceeds $75,000, excluding interest, costs, and attorney [sic] fees." (ECF 1) (emphasis added). Defendant, however, ignores the plain language of 28 U.S.C. § 1441(b), which prohibits removal of actions purely based on diversity jurisdiction where the defendant is a resident of the forum state. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Accordingly, Defendant is precluded, as a matter of law, from removing this case on the basis of diversity of citizenship since she is a citizen of South Carolina, as admitted on the face of her removal papers. This Court thus lacks diversity jurisdiction over this action, including Defendant's counterclaims, under 28 U.S.C. § 1332.

To the extent Defendant seeks federal question jurisdiction by way of her counterclaims asserting federal law, it is well-established that such counterclaims cannot

serve as a basis for federal question jurisdiction on removal. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. Thus, "[i]t follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group*, 535 U.S. at 831; *see also Vaden v. Discover Bank,* 556 U.S. at 60 ("Without dissent, the Court held in *Holmes Group* that a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."). Therefore, this Court lacks subject-matter jurisdiction over this action, including Defendant's counterclaims, under 28 U.S.C. § 1331, as well.

    **B.    Defendant has failed to state a claim upon which relief can be granted.**

Even under the liberal standard accorded *pro se* litigants, Defendant's counterclaims are wholly deficient under Rule 8(a) and do not show that Defendant is entitled to relief under any law. The United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than

10

> labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). "Although pro se complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. A plaintiff must allege facts that actually support a plausible claim for relief." *Hicks v. Greenwood Cty. Det. Ctr.*, No. 2:17-cv-3320-JMC-MGB, 2018 WL 1136035, at *2 (D.S.C. Feb. 13, 2018) (citing *Iqbal*, 556 U.S. at 678).

In the two-page letter appended to Defendant's Notice of Removal, Defendant purports to assert counterclaims; however, Defendant neither states a plausible claim for relief, nor alleges facts to support one. (ECF 1-1.) Specifically, Defendant alleges counterclaims under (1) an unspecified provision of the Racketeer Influenced Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, citing instead the entire statutory scheme; (2) 18 U.S.C. § 875(c), a criminal statute; and, (3) "South Carolina's Anti-SLAPP statute." (*Id.*) Plaintiff will address each in turn.

The first counterclaim should be dismissed because Defendant fails to provide Plaintiff fair notice of what the claim is, let alone allege facts sufficient to support a plausible claim for relief. Defendant invokes RICO; however, Defendant fails to identify a specific statute or provision of RICO upon which to base her claim. Instead, Defendant cites to the entire Act, "18 U.S.C. §§ 1961-1968," and lists general prohibitions found therein, leaving Plaintiff to speculate as to the potential claim Defendant may be advancing. (ECF 1-1.) Furthermore, even if the Court were to read the pleading to state a valid RICO claim, Defendant has not alleged any facts supporting the existence of such a claim, as required under the Act and established by relevant case law. Defendant's

11

Counterclaim 1 should be dismissed accordingly.

For her second counterclaim, Defendant alleges a cause of action for "cyberbullying" under 18 U.S.C. § 875(c). (ECF 1-1.) There simply is no set of facts upon which Defendant can recover for violations of the stated criminal statute. Nothing in 18 U.S.C. § 875 provides for a private cause of action or civil penalties. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, absent clear indication from Congress, courts should not infer a civil cause of action from a criminal statute. *California v. Sierra Club*, 451 U.S. 287, 297 (1981). "Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action." *Doe v. Broderick*, 225 F.3d 440, 448 (4th Cir.2000). Because 18 U.S.C. § 875 is a criminal statute containing prohibitions and particularized remedies, there is no basis to infer a private cause of action. Even if a private right of action existed under 18 U.S.C. § 875, Defendant has not alleged any facts that remotely relate to the substance of the statute. Counterclaim 2 should be dismissed accordingly.

Lastly, Defendant purports to bring Counterclaim 3 under "South Carolina's Anti-SLAPP statute." (ECF 1-1.) Despite diligent research, Plaintiff was unable to locate said statute in the South Carolina Code of Laws, and Defendant provides no other indication of the grounds of the claim. Therefore, Counterclaim 3 must be dismissed for failing to state a claim upon which relief can be granted.

**II. This Court should strike the immaterial, impertinent, and scandalous matter from Defendant's Notice of Removal and attachment thereto pursuant to Rule 12(f).**

In the attachment to her Notice of Removal (ECF 1-1), Defendant inserts a host of allegations concerning Plaintiff that are immaterial, impertinent, or scandalous. For the reasons set forth below, this Court should strike the following portions and/or unnumbered paragraphs from ECF 1-1 pursuant to Rule 12(f).

**A. Defendant's allegations regarding Plaintiff in the two unnumbered paragraphs of ECF 1-1 beginning with "Court note" should be stricken as immaterial, impertinent, and scandalous.**

At the end of the largely unintelligible letter addressed to the Lexington County Circuit Court and purporting to assert counterclaims against Plaintiff, Defendant adds the following "[c]ourt note" which further slanders Plaintiff by accusing him of a host of crimes. (ECF 1-1.) The salacious, damaging allegations contained in the have no relationship to the implausible counterclaims asserted by Defendant, are neither responsive nor relevant to the issues involved in the present case, and cast especially derogatory light on Plaintiff. *See Wilkerson*, 229 F.R.D. at 170. Furthermore, with regard to the above allegations, no evidence in support of the matter at issue would be admissible, the matter has no bearing on relevant issues, and allowing the matter to remain in the pleading would result in prejudice to the movant. *See Lundy*, 521 F.Supp. 2d at 265. Defendant's allegations amount to nothing more than the continued airing of personal grievances against Plaintiff. The above-quoted language should be stricken from ECF 1-1 accordingly.

**B. Any counterclaims should be stricken as immaterial, impertinent, and scandalous because they could confuse the issues.**

As detailed above in support of Plaintiff's Motion to Dismiss pursuant to Rule 12(b)(6), Defendant fails to state a claim upon which relief can be granted with any of her

purported counterclaims. The presence of allegations which might be counterclaims, as presented in the unnumbered paragraph beginning with "[u]nder 1," stand to confuse the issues and unfairly prejudice, especially given the criminal nature of RICO and 18 U.S. 875 and the non-existence of "South Carolina's Anti-SLAPP statute." (ECF 1-1.) Therefore, Defendant's counterclaims should be stricken as immaterial, impertinent, and scandalous as well.

**III.  This Court should order Defendant to provide a more definite and certain statement of counterclaims pursuant to Rule 12(e).**

Alternatively, the Court should require Defendant to amend counterclaims pursuant to Rule 12(e) to provide a more definite statement because Defendant's counterclaims are so vague and ambiguous that Plaintiff cannot reasonably be required to frame a responsive pleading.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court grant his motions to dismiss and order Defendant to pay Plaintiff costs and reasonable attorneys' fees.

s/ Nekki Shutt_____
Nekki Shutt (Federal I.D. No. 6530)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
Columbia, South Carolina 29201
Tel: (803) 904-7912
Fax: (803) 904-7910
nshutt@burnetteshutt.law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

November 26, 2018