UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

2018 DEC -7 PM 4:02 RECEIVED USDC CLERK.COLUMBIA.SC

| | |
|---|---|
| WENGUI GUO<br>a/k/a MILES KWOK<br>781 Fifth Avenue, 18th Floor<br>New York, NY 10022<br>　　　　Plaintiff,<br>v.<br>YUDAN LIN<br>128 Woodcock Trail<br>West Columbia, SC 29169<br>　　　　Defendant, | )<br>)<br>)<br>) CIVIL NO. 3:18-cv-02982<br>) The Hon. Mary Geiger Lewis<br>) JURY TRIAL<br>) Cross Motion to Dismiss the Complaint<br>)<br>)<br>) |

## Defendant's Cross-Motion to Dismiss Plaintiff's Complaint with Prejudice
### Prologue

1. Pursuant to Federal Rule of Civil Procedure, Rule 13(a) and (b) as well as 12(b)(6), Defendant pro se hereby respectfully prays to this Honorable Court for dismissal of Plaintiff's Complaint for his failure to State a Claim upon which any relief can be granted, even construing the case in the most favorable light for the Plaintiff. Henceforth, Plaintiff's Complaint must be dismissed with prejudice.

2. On October 23, 2018, Plaintiff Wen-Gui Guo filed his complaint to Defendant Yu-Dan Lin in the SOUTH CAROLINA state circuit court of Lexington County. The case was thereafter removed into this Honorable Court pending disposition, for diversity of citizenship, pursuant to 28 USC 1332.

3. With most recent development in exposing Plaintiff's pattern of behavior and actions with inference in his well organized criminal and civil conspiracy, particularly with the most recent Court verdict by seizure and forfeiture Plaintiff's criminal proceeds as high as 3.2 billion Hong Kong dollars for charge of aggravated money laundering, and with the exposures of Plaintiff's secret collusion with China's secret police apparatus, implicating that the abusive strategic litigation campaigns targeting as many as 14 leading Chinese dissidents in the United States may highly likely be an "foreign agent" operation under the disguises of exploiting the U.S. Courts as his instrumentation to fulfill foreign principal's hitting tasking assignments, time is ripe for this Defendant to add a cause of action as of RICO against the

1/13

Plaintiff pursuant to Title 18, Part I, Chapter 96 §§ 1961, 1962 and 1963 governing RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (hereinafter "RICO").

4. More and more conscience shocking evidence has emerged since Plaintiff's launching of such a frivolous Complaint against Defendant, as a ring of the clausal chain of the Plaintiff's RICO activities in orchestration of his "Mafia of ants" under the conduct of the mastermind Guo Wengui, the Plaintiff, and allegedly a front runner in the United States, standing behind him is an invisible handler in China whom Plaintiff Guo publicly declared as his "Old Leader ("Lao Lingdao"). Based upon information and belief, Guo has repeatedly declared to general public that he was, and still is, an integral part of China's secret police apparatus.

5. Therefore, Defendant, by taking this opportunity, declares that she will add RICO violations as an additional cross-cause of action against Plaintiff in her Cross-Motion to Dismiss Plaintiff's part of the Complaint by its Entirety with Prejudice and Sanction.

6. Therefore, this Honorable Court's subject matter jurisdiction is also based upon Federal Question Jurisdiction pursuant to 28 USC 1331.

7. The Supreme Court of the United States has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. Osborn v. Bank of the United States, 9 Wheat. (22 U.S.) 738 (1824)..

## FACTS

8. Defendant Yu-Dan Lin is <u>a United States citizen</u>, a Chinese political dissident and vocal critique currently residing in the United States and that she employs various social media platforms to champion human rights, freedom, and democracy in China.

9. Defendant is a private citizen, not a public figure.

10. Plaintiff's frivolous Complaint has failed to establish the Defendant's "malice" or anything close thereto.

11. It is Plaintiff who initiated his character assassination targeting almost all leading and outspoken Chinese dissidents in the United States for ulterior motive, therefore, Plaintiff does not have clean hands;

12. Defendant has well founded defense of factual truth in support of her limited response to Plaintiff's initiated defamation;

13. Plaintiff's abusive exploitation of U.S. Court system as his instrumentation to suppress defendant's proper exercise of her 1st Amendment rights as a U.S. citizen should not be entertained by any U.S. Courts;

14. Defendant's Complaint has therefore failed to state a cause of action upon which any relief can be granted even in the light of most favorable to Plaintiff.

15. Upon information and belief, Plaintiff Guo is not a United States citizen, Wengui Guo

is allegedly an applicant for asylum.

16. Plaintiff has utterly no cause of action for actionable tort against the Defendant. To say the most, what Plaintiff's raised in his complaint is nothing more than both parties' exchanges of verbal arguments in reciprocity, mostly provoked by Plaintiff's preemptive name calling, smear campaign and unrestrained character assassination by fraud and knowing falsity targeting Defendant harming her person by ruining her reputation.

17. Doing so, Plaintiff simply concealed his ulterior motive to silence the vocal critiques from Chinese dissident community in serving the strategic agenda of the politburo of Chinese Communist Party under Xi Jinping, a diehard anti-West, anti-America, anti-humanity,

totalitarian dictator whom Plaintiff relentlessly and overzealously acclaimed to be the "The Most Holy and Wisest King of China in Thousands of years"(Qian Nian Sheng June");

18. Plaintiff stirred up numerous legal actions of frivolity against members of Chinese political opposition movement overseas by using billions of dollars funds directly and indirectly from the Chinese Secret police Tsar, the 1st Deputy Minister Ma Jian, to mobilize communist retaliations and reprisals against Chinese dissidents. Among them, Defendant is a vocal critique sharply challenging China's totalitarian regime and its political culture of anti-humanity;

19. Plaintiff Wengui Guo is a public figure due to his high profile exposures to the general public through frequent media exposures, as well as for his infamous notoriety universally known general public for his personal involvement in heinous blood-stained crimes of common offense in nature in collusion with totalitarian China's secret police and security apparatus, yet to be fully discussed through discovery;

20. Defendant's extremely limited publicity in response to Plaintiff initiated unrestrained character assassination and smear campaign has her defense of factual truth and protected by free speech under the 1st Amendment;

21. Plaintiff's unrestrained campaign in expansion of China's internal persecution against Chinese dissidents in exile by massively abusing the legal system of the United States must be curbed, deterred and penalized. Plaintiff's game being backed up by unlimited financial resources from infamous Chinese secret police is showcasing how Chinese state security apparatus has been meddling the U.S. government starting from democratic political process, momentarily flooding into the U.S. judicial arena.

22. The following brief introduction may further showcase the scale and magnitude of Plaintiff's massive abuse of our nation's legal institutions, State and Federal alike:

23. Upon information and belief, Wen-Gui Guo has involved in many ways with

persecution of political dissidents at China and abroad. Guo has horribly insulted Ms.

YuDan Lin and other pro-democracy activists in the public.

**24. Guo has filed 14 lawsuits in The United States district courts.**

https://www.pacermonitor.com/public/case/26112694/Guo_v_Lin

Guo v. Lin ( **3:18-cv-02982** ), South Carolina US District Court, Filed: 11/05/2018

https://www.pacermonitor.com/public/case/25473948/Guo_v_Guo

Guo v. Guo (**1:18-cv-01064**), Virginia Eastern US District Court, Filed: 08/27/2018

https://www.pacermonitor.com/public/case/23720398/Guo_v_Xia

Guo v. Xia (**1:18-cv-00174** ), Virginia Eastern US District Court, Filed: 02/14/2018

https://www.pacermonitor.com/public/case/23949628/Wengui_v_Stone

Wengui v. Stone (**1:18-cv-20983**), Florida Southern US District Court, Filed: 03/15/2018

https://www.pacermonitor.com/public/case/23990307/Wengui_Guo_v_Jianbin_Yuan

Wengui Guo v. Jianbin Yuan (**2:18-cv-02276**), California Central US District Court, Filed: 03/20/2018

https://www.pacermonitor.com/public/case/23572752/Wengui_v_Li

Wengui v. Li(8:18-cv-00259), Maryland US District Court, Filed: 01/26/2018

**https://www.pacermonitor.com/public/case/23023313/Tang_et_al_v_Guo**

Tang et al v. Guo (**1:17-cv-09031**), New York Southern US District Court, Filed: 11/17/2017 -

...more..... .

**Guo has Fraud and Willful Misrepresentation claims** to <u>U.S. citizenship</u>, see

https://www.youtube.com/watch?v=q7lT6jNz1wc&t=15s

https://www.youtube.com/watch?v=yZTT_k9BZ-I

https://www.youtube.com/watch?v=GobmhOlkfkM

25. Through 14 lawsuits in the US District Court, Wen-Gui Guo wants to purchase over 100 millions of dollars monetary damages, Wen-Gui Guo obtains a benefit under the Immigration and Nationality Act (INA) either through:

•**Fraud**; or

•**Willful misrepresentation**.

•SLAPP Actions in furtherance of his continuing RICO actions in orchastration.

Plaintiff's has committed mostly in unprovoked offensives, highly likely not by emotional reason, but by carrying out his secretive assignments by the Plaintiff's repeatedly called to public as his "old CCP leaders", to stir up all vicious programs against the Defendant starting character assassination against the Defendant.

26. Plaintiff's correspondence to elite Chinese communist ruling bloc on the summit level that the supreme leader of the CCP politburo to "assign him with tasks to accomplish in furtherance of China's global strategy, by devoting his "influence and resources to serving Chairman Xi's China Dream." Bublished by Plaintiff 08/31/2017. Additionally, this Plaintiff also published his secret meetings in the United States with numerous ranking secret police operatives being dispatched from China sneaking into the United States under the disguises of "business entrepreneurs".

27. Mr. Guo's unrestrained extraterritorial persecution targeting as many as 14 front running dissidents by abusing U.S. legal process and the most scandalous part among them in advertising for perjury for cash occurred under that political climate, he attempted to trigger.

28. Guo's misrepresentation of a material fact may lead to other adverse immigration consequences.

29. On Wednesday, August 22, 2018, California Central US District Court Judge Stephen Upon information and belief, Wen-gui Guo opened his Twitter account and YouTube channel in or about 2017. He has been using these social media platforms to attack many notable Chinese figures, e.g. politicians, movie stars, hostesses, entrepreneurs, media tycoons, and scholars. Plaintiff has been using frequent, well mobilized smear campaign defamed Defendant through Guo's Twitter account, @KwokMiles, currently has about 498,000 followers. Guo constantly shares YouTube links on his Twitter. On August 18, 2018, Twitter suspends Guo 's account permanently from their social networking service because of his defamatory behaves.

Guo's YouTube channel,

https://www.youtube.com/channel/UCO3pO3ykAUybrjv3RBbXEHw/featured,

currently has about 184,149 subscribers. He uploads several videos per month. Each of his videos has about ten thousand to sixty thousand views.

30. The victims under Guo's Defamation campaign is not just limited to Chinese dissidents, it has extended to U.S. Judges. On September 2, 2018, Guo slandered the US Federal Judge T S Ellis, III (Virginia Eastern US District Court) has strong racial discrimination and hates Chinese people for lawsuits in the video (around 13:24) that Guo makes the live online defamatory videos to post the youtube channel.

https://www.youtube.com/watch?v=OpP75ybqfJ8&t=948s

31. To further use his influence to persecute Chinese political dissidents, Guo started a website --Guo Media, https://www.guo.media. On Guo Media, he posted videos and tweets. Currently, Guo Media has about 98,586 registered users.

**The extraterritorial expansion of communist China's "dictatorship of proletariat" via its front runner Wengui Guo, the Plaintiff, does not stop at his persecution against Chinese dissidents on exile through his broadly scattered frivolous legal actions, his poisonous spray has now targeted the U.S. Courts and judges, for instance:**

32. Wen-Gui Guo said that he wanted to change the judge T S Ellis in a separate case, Guo may have already felt that the situation is not in his favor. An US Federal Judge is highly respected by

people in the United States. Guo has insulted not only one the US Federal Judge vulgarly and fiercely in the public, if it is proved to be ungrounded, Guo's character will be despised by American people, and will certainly be convicted by the court. Wen-gui Guo is the biggest fraudster of China crossing the last and this century, an alleged rapist, white gloves of Communist Party of China. Guo is a suspected of imprisoning employees, documentary fraud, infringement of US trademark , bribe US politicians, publicly buying online thugs, and manipulating a series of terrorist threats in the United States. On August 14, 2018, Hong Kong police investigating fugitive Chinese tycoon Guo Wengui over alleged HK$32 billion money laundering conspiracy, court papers reveal, from <<South China Morning Post >>, PUBLISHED : Tuesday, 14 August, 2018, 11:36pm https://www.scmp.com/news/hong-kong/hong-kong-law-and-crime/article/2159724/hong-kong-police-investigating-fugitive

33. Such a most recent development in a civilized world in exposing such anti-humanity criminal nature of this very Plaintiff Wengui Guo may have nailed a last coffin nail to such an unprecedented figure of notoriety. (In reviewing a Rule 12(b)(6) dismissal, a court may properly take judicial notice of matters of public record. *Hall v Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss ..., we are not precluded in our review of the complaint from taking notice of items in the public record...."). The Court may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *See Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *Wilson v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-02223-TLW, 2014 WL 7043674, at *2 (D.S.C. Dec. 12, 2014) (A court may take judicial notice of factual information located in postings on government websites); *see also Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court "may take judicial notice of matters of public record"))

34. Wen-Gui Guo, the Chinese billionaire who's been living in self-imposed exile at the Sherry-Netherland, the 18th-floor co-op at 781 Fifth Avenue, New York City. Guo,a well-known Chinese businessman with close cooperation and collusion with corrupted

high-ranking officials in China. *Plaintiff's legal action against Defendant is frivolous per se, hence must be dismissed;*

35. *Plaintiff's legal action is retaliatory in nature, meritless and abusive, hence must be dismissed;*
36. Defendant Yu-Dan Lin's statements relating to Plaintiff are protected by the First Amendment of the U.S. Constitution.
37. Defendant Yu-Dan Lin shall not be treated as the publisher or speaker of any information provided by another information content provider on the Internet, and is therefore shielded from liability relating to such information pursuant to 47 U.S. Code § 230.
38. Defendant's extremely limited publicity in response to Plaintiff initiated unrestrained character assassination and smear campaign has her defense of factual truth and protected by free speech under the 1st Amendment;
39. Plaintiff's unrestrained campaign in expansion of China's internal persecution against Chinese dissidents in exile by massively abusing the legal system of the United States must be curbed, deterred and penalized. Plaintiff's game being backed up by unlimited financial resources from infamous Chinese secret police is showcasing how Chinese state security apparatus has been meddling the U.S. government starting from democratic political process, momentarily flooding into the U.S. judicial arena.
40. Plaintiff Wen-Gui Guo has not suffered any damage as a result of any alleged conduct by Defendant.

## DISCUSSION:

41. To survive a motion to dismiss, "a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). When considering a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the Plaintiff. *See Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012). Legal conclusions masquerading as factual allegations, however, are entitled to no such presumption and conclusory allegations will not suffice. Detailed allegations are not required, but the Plaintiff must provide "more than labels and conclusions" and a "formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). Similarly, "naked assertion[s]" devoid of "further factual enhancement" will not survive. *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 557).

42. Additionally, *pro se* complaints are generally held "to less stringent standards than formal pleadings drafted by lawyers," (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). A plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir 2003). A Complaint must be dismissed if it failed to raise clearly on the face of his complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985) Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) in the light of Twombly and Iqbal standard. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). As discussed below, the factual allegations regarding Defendant's relatively much more civilized response to Plaintiff's initiation of wild smear campaign against Defendant in social media are insufficient to plausibly state a claim for defamation *per se*, defamation, or IIED.

43. A plaintiff pleading of defamation per *se* must show that the actionable statement is one that: (1) "impute[s] to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished," or (2) "impute[s] that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society," or (3) "impute[s] to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of duties of such an office or employment," or (4) "prejudice[s] such person in his or her profession or trade." *Hatfill v. N.Y. Times Co.*, 416 F.3d 320, 330 (4th Cir. 2005) Plaintiff fails to properly plead any of these elements.

44. In reviewing a Rule 12(b)(6) dismissal, a court may properly take judicial notice of matters of public record. *Hall v Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss ..., we are not precluded in our review of the complaint from taking notice of items in the public record...."). The Court may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *See Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *Wilson v. Comm'r of Soc. Sec. Admin.*, No. 1:13-CV-02223-TLW, 2014 WL 7043674,

at *2 (D.S.C. Dec. 12, 2014) (A court may take judicial notice of factual information located in postings on government websites); see also *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court "may take judicial notice of matters of public record")

45. Through abusive initiation of 14 lawsuits in the US Court System, Plaintiff Wen-Gui Guo's agenda is to enhance his RICO alliance with his "old leaders" inside communist China to render a fatal blow to completely derail the overseas prodemocracy movement abroad by its entirety. The frivolous suit in Guo v. Lin was popped up under such a political environment for ulterior motive.

Conclusion and Prayer for Relief:

46. WHEREFORE, in the foregoing light, Defendant pro se respectfully prays that this Court enter an Order:
1. Granting Defendant pro se the relief she prayed for Dismissal Plaintiff's Complaint *with prejudice*;
2. Permanent injunction to bar Plaintiff from continuing to harm Defendant by any further defamatory attacks;
3. Plaintiff must be penalized with Rule 11 sanctions for filing a frivolous legal action;
4. Plaintiff must be reprimanded by the Honorable Court and must be enjoined from filing further frivolous legal actions against Defendant;
5. For any further relief the court deems just and proper.

6. Should this case were not summarily dismissed, Defendant respectfully prays for trial by jury.

Dated this 7th day of December, 2018
    Respectfully submitted,

By: s/ *Yudan Lin*

YU-DAN LIN, Pro Se
128 Woodcock Trail
West Columbia, SC 29169
Tel: (803)-931-2163;
Email: dianatienusa@gmail.com